IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| FRED DELANEY, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 04-3004-Ml/V |
| DAVID MILLS, | ) | |
| Respondent. | ) | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER CORRECTING THE DOCKET
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Petitioner Fred Delaney, Tennessee Department of Correction prisoner number 135149, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2254 on December 13, 2004, along with an application seeking leave to proceed in forma pauperis. Based on the information set forth in the Petitioner's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the Respondent as WTSP Warden David Mills.¹

---

¹ Although the petition lists the State of Tennessee as the sole Respondent, the proper respondent to a habeas petition is the petitioner's custodian. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2718 (2004). The Clerk is ORDERED to remove the State of Tennessee as a party to this action.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 5-13-05

I.        STATE COURT PROCEDURAL HISTORY

On or about November 12, 1997, Delaney was convicted following a jury trial in the Shelby County Criminal Court of attempted first degree murder, a Class A felony, and being a felon in possession of a firearm, a Class E felony. A sentencing hearing was conducted on or about January 23, 1998, at which time Delaney was sentenced to consecutive sentences of forty (40) years for the attempted murder conviction and four (4) years on the firearm conviction. The Tennessee Court of Criminal Appeals affirmed Delaney's conviction and sentence. State v. Delaney, No. 02C01-9804-CR-00105, 1999 WL 360159 (Tenn. Crim. App. June 3, 1999), perm. app. denied (Tenn. Nov. 22, 1999).

On or about November 17, 2000, Delaney filed a pro se petition pursuant to the then-current version of the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-201 to -222, in the Shelby County Criminal Court. Counsel was appointed to represent Delaney, and the postconviction court conducted an evidentiary hearing on June 22, 2001. On June 26, 2001, the postconviction court issued an order dismissing the petition, and the Tennessee Court of Criminal Appeals affirmed. Delaney v. State, No. W2002-00496-CCA-R3-PC, 2003 WL 21339006 (Tenn. Crim. App. May 15, 2003), perm. app. denied (Tenn. Oct. 6, 2003).

2

II.     PETITIONER'S FEDERAL HABEAS CLAIMS

Although the issues sought to be raised in this federal habeas petition are not clearly articulated, Delaney appears to contend that he received ineffective assistance of counsel, that the evidence was insufficient to support his conviction, and that the jury should have been instructed on lesser included offenses.

III.    ANALYSIS OF THE MERITS

The first issue to be considered is the timeliness of this petition. 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Application of these provisions in this case is straightforward. State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) at the expiration of the time for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). The Tennessee Supreme Court denied review on November 22, 1999, and, therefore, the statute of limitations began to run at the conclusion of the time for filing a petition for a writ of certiorari on February 22, 2000. The running of the limitations period was tolled pursuant to 28 U.S.C. § 2244(d)(2) when Delaney filed his state postconviction petition, on November 17, 2000, the date on which his postconviction petition was signed. Delaney v. State, 2003 WL 21339006, at *1. By that time two hundred sixty-nine (269) days of the limitations period had elapsed. The running of the limitations period recommenced at the expiration of the time for filing a petition for a writ of certiorari concerning the decision of the Tennessee Court of Criminal Appeals on the postconviction petition, on January 5, 2004. Abela v. Martin, 348 F.3d 164 (6th Cir. 2003) (en banc), cert. denied, 124 S. Ct. 2388 (2004). Only ninety-six (96) days of the limitations period remained at the time, and the time for filing a timely § 2254

4

petition expired on April 12, 2004. Delaney's petition was not received by the Clerk until December 13, 2004, and, even if it were deemed filed on December 8, 2004, the date on which it was executed, Miller v. Collins, 305 F.3d 491, 497-98 & n. 8 (6th Cir. 2002); Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion), it was filed more than seven months after the expiration of the limitations period.[2]

The one-year limitations period applicable to § 2254 motions is subject to equitable tolling. Griffin v. Rogers, 308 F.3d 647, 652-53 (6th Cir. 2002); see also Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001) (equitable tolling also applies to § 2255 motions). Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Dunlap, 250 F.3d at 1008.[3]

---

[2] Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. In this case, however, an examination of Delaney's claims reveals no basis for concluding that the limitations period commenced at any time later than the date on which his conviction became final.

[3] This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

5

The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500; see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337

F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[4]

Delaney cannot satisfy his burden of demonstrating that equitable tolling would be appropriate in this case. It appears that Delaney mistakenly assumed that the one-year period for filing a petition pursuant to 28 U.S.C. § 2254 commences to run, in the first instance, only after the expiration of time for filing a petition for a writ of certiorari challenging the decision of the state courts on the postconviction petition. For the reasons previously stated, Delaney's ignorance of the law provides no basis for tolling of the limitations period.

Because it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," summary dismissal prior to service on the respondent is proper. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The petition is DISMISSED.

IV. APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

---

[4] See also Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

7

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

8

> [O]ur opinion in <u>Slack</u> held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in <u>Slack</u> would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 337 (2003) (quoting <u>Barefoot</u>, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

<u>Id.</u> at 338 (quoting <u>Barefoot</u>, 463 U.S. at 893); <u>see also id.</u> at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[5]

In this case, there can be no question that any appeal by this Petitioner on any of the issues raised in this petition does

---

[5] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." <u>Id.</u> at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." <u>Id.</u>

9

not deserve attention because the petition is plainly time barred. The Court, therefore, DENIES a certificate of appealability.

The United States Court of Appeals for the Sixth Circuit has held that the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2254 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[6] the petitioner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. Kincade, 117 F.3d at 952. If the motion is denied, the petitioner may renew the motion in the appellate court.

Rule 24(a) of the Federal Rules of Appellate Procedure states, in pertinent part, that:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the

---

[6] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

10

party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*.

IT IS SO ORDERED this 11 day of May, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

11

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:04-CV-03004 was distributed by fax, mail, or direct printing on May 13, 2005 to the parties listed.

---

Fred Delaney
WEST TENNESSEE STATE PENITENTIARY
P.O. Box 1150
Henning, TN 38041--115

Fred Delaney
WEST TENNESSEE STATE PENITENTIARY
135149
P.O. Box 1150
Henning, TN 38041--115

Honorable Jon McCalla
US DISTRICT COURT